UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>STEVEN ALLEN NAZARIO and CASSANDRA ANN NAZARIO,<br><br>Debtors. | Case No. 2:25-cv-02655-LK<br><br>Bankruptcy Case No. 25-12039-CMA<br><br>ORDER ON BANKRUPTCY APPEAL |
| STEVEN ALLEN NAZARIO and CASSANDRA ANN NAZARIO,<br><br>Appellants,<br>v.<br><br>L2L FUND I LLC and REAL PROPERTY HOLDINGS LLC,<br><br>Appellees. | |

This matter comes before the Court on Steven and Cassandra Nazario's appeal of an adverse ruling from the United States Bankruptcy Court for the Western District of Washington. Dkt. No. 8 at 10–14. For the reasons explained below, the Court affirms the ruling of the bankruptcy court.

## I.    BACKGROUND

The facts pertinent to this appeal are not in dispute. The Nazarios owned a property in Seattle, against which they executed a deed of trust to secure a loan. Dkt. No. 12-1 at 108 (transcript

ORDER ON BANKRUPTCY APPEAL - 1

of bankruptcy court hearing). The deed of trust was ultimately assigned to appellee L2L Fund I LLC. *Id.* After the Nazarios defaulted on the deed of trust, L2L scheduled a trustee's sale for July 25, 2025. *Id.* The day before the sale, the Nazarios filed a pro se, "bare bones" Chapter 13 bankruptcy petition, *id.*, triggering an automatic stay of proceedings under 11 U.S.C. § 362(a), which prohibits "any act to obtain possession of property" of the bankrupt estate during bankruptcy proceedings. In light of the stay, L2L's trustee continued the sale three times, first to August 1, then to August 15, and finally to August 22, 2025. Dkt. No. 12-1 at 109. On August 14, 2025, the bankruptcy court dismissed the Nazarios' bankruptcy case for failure to timely file several required documents. *Id.*; *see also In re: Steven Allen Nazario and Cassandra Ann Nazario*, No. 25-12039-CMA ("*Nazario Bankruptcy Case*"), Dkt. No. 14 (Bankr. W.D. Wash. Aug. 14, 2025). The property was sold on August 22 to co-appellee Real Property Holdings, LLC, and a trustee's deed was recorded on August 27, 2025. Dkt. No. 12-1 at 109.

Following the sale, the Nazarios moved to reopen their bankruptcy case and for a determination that L2L violated the automatic stay by continuing the foreclosure sale. *Id.* at 110; *see also Nazario Bankruptcy Case*, Dkt. No. 28. The bankruptcy court agreed to reopen the bankruptcy case and to "hold a hearing to consider whether any party ha[d] violated the automatic stay." *Nazario Bankruptcy Case*, Dkt. No. 35 at 2. At the hearing on December 4, 2025, United States Bankruptcy Judge Christopher M. Alston determined that L2L had not violated the automatic stay by continuing the non-judicial foreclosure sale and that the sale of the property to Real Property Holdings was thus "not void." Dkt. No. 12-1 at 90–91 (written order), 110–11 (transcript, explaining rationale). The Nazarios appeal this order. Dkt. No. 8 at 10–14.

ORDER ON BANKRUPTCY APPEAL - 2

## II.    DISCUSSION

### A.    Legal Standards

A district court has jurisdiction to review final judgments, orders, or decrees of the bankruptcy court. 28 U.S.C. § 158(a). When reviewing a decision of the bankruptcy court, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal. *In re Crystal Properties, Ltd., L.P.,* 268 F.3d 743, 755 (9th Cir. 2001). Thus, conclusions of law are reviewed de novo, while findings of fact are reviewed for clear error. *In re Strand*, 375 F.3d 854, 857 (9th Cir. 2004). "De novo review is independent, with no deference given to the trial court's conclusion." *In re Allen*, 472 B.R. 559, 564 (B.A.P. 9th Cir. 2012). Here, the parties agree that the Court's review is de novo because the Nazarios raise only legal issues. Dkt. No. 9 at 3; Dkt. No. 10 at 6; Dkt. No. 11 at 6.

### B.    The Rescheduling of the Trustee's Sale Did Not Violate the Automatic Stay

The Nazarios argued before the bankruptcy court that L2L's continuances of the trustee's sale violated the automatic stay, that acts in violation of the automatic stay are void, and that the sale of the property is therefore void. Dkt. No. 12-1 at 110. The bankruptcy court held that, under controlling Ninth Circuit law, "a continuation of a Trustee's sale merely maintains the status quo and does not constitute an act to collect against the debt, the debtor[,] or property of the estate," and therefore the continuances did not violate the automatic stay because they were not "discretionary acts." *Id.* at 110–111 (citing *Matter of Roach*, 660 F.2d 1316, 1318 (9th Cir. 1981); *In re Peters*, 101 F. 3d 618, 620 (9th Cir. 1996); *In re Fritz*, 225 B.R. 218, 220 (E.D. Wash. 1997); *Wechsler vs. Wells Fargo Bank, N.A.*, No. 17-cv-04571-EDL, 2018 WL 10246117, at *9 (N.D. Cal. Jan. 25, 2018); *In re Doud*, 30 B.R. 731, 734 (Bankr. W.D. Wash. 1983)).

Here, the Nazarios advance similar arguments. Dkt. No. 9 at 5–7. They contend that the continuances of the foreclosure sale do not fall within the "ministerial-act exception" to the

ORDER ON BANKRUPTCY APPEAL - 3

automatic stay because a post-petition act is ministerial only if it is non-discretionary, maintains the status quo, and confers no enforcement advantage. *Id.* at 7. They argue that L2L's continuances were discretionary actions that conferred "creditor leverage" because they preserved L2L's "right to foreclose" without being required to "restart[] statutory notice," resulting in the shortening of the Nazarios' "post-dismissal cure window[.]" *Id.* Further, the Nazarios contend that the bankruptcy court was required to examine state law to determine whether L2L had exercised discretion in continuing the foreclosure sale. *Id.* at 6 (citing Wash. Rev. Code § 61.24.040(6)).[1] According to the Nazarios, because L2L's actions in continuing the foreclosure sale three times were discretionary and provided an enforcement advantage, L2L violated the automatic stay and the foreclosure sale must therefore be declared void. *Id.* at 8–9.

It is undisputed that this issue is controlled by *Matter of Roach* and its progeny. Dkt. No. 10 at 7–10; Dkt. No. 11 at 6–10. The rule established by the Ninth Circuit in *Roach* is straightforward: "Notices of postponement of sale do not constitute violations of the automatic stay." 660 F.2d at 1318. The Ninth Circuit affirmed the vitality of *Roach* fifteen years after its issuance, confirming that "a creditor may postpone a foreclosure sale after a debtor files a bankruptcy petition without violating the automatic stay," even when the postponement occurs "after the bankruptcy court has confirmed a Chapter 13 reorganization plan." *In re Peters*, 101 F.3d at 619–20. Here, L2L's postponements occurred before any confirmation of a reorganization plan, as the Nazarios' bankruptcy case was dismissed before it got off the ground due to filing deficiencies. The Nazarios' position is thus analogous to the debtor in *In re Fritz*, where the creditor scheduled a foreclosure sale after the debtor defaulted on a loan, continued the sale after the debtor filed for Chapter 13 bankruptcy, and then conducted the foreclosure sale once the

---

[1] The Nazarios cite to an outdated version of the Revised Code of Washington; the Court presumes they intended to reference Section 61.24.040(10).

ORDER ON BANKRUPTCY APPEAL - 4

bankruptcy case was dismissed. 225 B.R. at 219. Because the creditor in *In re Fritz* "did no more than maintain the status quo by continuing the foreclosure sale," the court held that the continuances did not constitute a violation of the automatic stay. *Id.* at 220; *see also Taylor v. Slick*, 178 F.3d 698, 701 (3d Cir. 1999) (agreeing with "a consistent line of cases from other courts" that "the continuance of a sheriff's sale in accordance with state law procedure during the pendency of an automatic stay does not violate § 362(a)(1)"); *In re Doud*, 30 B.R. at 734 ("a mere postponement of sale is not in and of itself adversarial and does not disrupt the status quo"); *In re Barry*, 201 B.R. 820, 821 n.1, 825 (C.D. Cal. 1996) (finding that "the [six] postponements in this case merely maintained the status quo" when there was "no evidence that [the creditor] used the postponements to harass [the debtor] or to gain an advantage over him").

The Nazarios respond that *Roach* "does not establish a blanket rule," but rather narrowly permits only actions that are "non-discretionary" and "neutral in effect." Dkt. No. 13 at 2–3. They assert that "[c]ourts applying Roach emphasize that permissible conduct must not confer an advantage," including the advantage of "[p]reserving immediate foreclosure power without restarting statutory notice." *Id.* at 4. The Nazarios do not cite to any cases reading *Roach* so narrowly, nor did the continuances here confer an advantage on L2L.[2] Instead, the continuances "preserve[d] the status quo and permit[ted] the creditor to avoid duplicative foreclosure costs that would eventually be deducted from the proceeds of the sale (to the disadvantage of the debtor)"; "[a]lthough a new proposed sale date was announced, no act had occurred that prejudiced [the Nazarios] or otherwise altered [their] position with respect to the property." *Taylor*, 178 F.3d at 702. Binding Ninth Circuit case law makes clear that the bankruptcy court's order determining that L2L's continuances did not violate the automatic stay was correct.

---

[2] That the relevant state law, which directs that the trustee "may" continue a sale "for any cause the trustee deems advantageous," Wash. Rev. Code § 61.24.040(10), uses permissive rather than mandatory language and includes the word "advantageous" does not alter this Court's conclusion that the continuances merely preserved the status quo.

ORDER ON BANKRUPTCY APPEAL - 5

## III.    CONCLUSION

For the reasons stated above, the ruling of the United States Bankruptcy Court for the Western District of Washington is AFFIRMED.

Dated this 10th day of June 2026.

Lauren King
United States District Judge

ORDER ON BANKRUPTCY APPEAL - 6